## PEOPLE v JACKSON

1. APPEAL AND ERROR—TRIAL—JURY—VOIR DIRE.

    An objection to the selection of a jury from a particular panel of jurors made by defense counsel prior to voir dire has not been preserved for appellate review where the trial judge told counsel he could establish his objection on voir dire, counsel conducted his voir dire and was in no way limited by the trial judge, and counsel expressed satisfaction with the jury subsequent to voir dire.

2. SEARCHES AND SEIZURES—WARRANTLESS SEARCH—ARREST—CONSTITUTIONAL LAW.

    A search of a dwelling sought to be justified as incident to a lawful arrest must constitutionally be confined to the area within the arrestee's reach at the time of his arrest, the area from within which he might gain possession of a weapon or destructible evidence; a search may be incident to an arrest only if it is substantially contemporaneous with the arrest and is confined to the immediate vicinity of the arrest (US Const, Am IV).

3. SEARCHES AND SEIZURES—WARRANTLESS SEARCH—CONSTITUTIONAL LAW—PROBABLE CAUSE.

    A policeman before making a warrantless search must have probable cause to believe that a search of the person or place in question will result in the finding of evidence of crime, and probable cause to believe that he must search immediately without taking the time to seek and obtain a warrant in order to protect himself, or in order to avoid the loss of evidence, or in order to prevent the escape of the accused, or for any other reason which outweighs the need for judicial surveillance over police activity which the search warrant provides (US Const, Am IV).

4. SEARCHES AND SEIZURES—WARRANTLESS SEARCH—ARREST—EVIDENCE—WEAPONS.

    Admission into evidence in a trial for felonious assault of a

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 628.

[2–4] 5 Am Jur 2d, Arrest §§ 26, 28.

weapon obtained by police without the benefit of a search warrant was error where the weapon was found far out of reach of the defendant, under the cushion of a sofa, in a different apartment than that in which the defendant was arrested, and where the defendant offered no resistance to the arrest, and there was no suggestion of threat to the police officers' safety.

Appeal from Recorder's Court of Detroit, Richard D. Dunn, J. Submitted Division 1 October 10, 1974, at Detroit. (Docket No. 17507.) Decided November 26, 1974. Leave to appeal applied for.

William F. Jackson was convicted of felonious assault with a firearm. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Michael R. Mueller,* Assistant Prosecuting Attorney, for the people.

*Raymond L. Miller,* for defendant on appeal.

Before: Danhof, P. J., and Bronson and O'Hara,* JJ.

O'Hara, J. This is a nasty case of neighborhood animosities. The offense charged doesn't allude to it, of course. The record contains only brief advertence to it. The arguments of counsel contain proper references to testimony bearing on it. However, cropping out in the testimony, like grass through cracks in the sidewalk, is the unmistakable, tragic story of area tensions and ill-feelings.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The defendant, though born in Alabama, is of Bahamian ancestry. His mother and father were born there. He retains the Bahamian version of a British accent. He lives in one of the larger houses in the neighborhood. There have been threats to "frame" him. He has been told he is not wanted in the area. His wife, it is claimed, was forced to go to Chicago for a respite from harassment and to recover from the nervous consequences of the animosity.

If, as the complainant claims, defendant did in fact what he is said to have done by the finding of the jury, he is clearly guilty of felonious assault with a firearm, MCLA 750.82; MSA 28.277, unless, of course, legal error vitiates the verdict.

Testimony was introduced that the accused fired at least five shots from a handgun at the complainant or a companion of the latter. It was further testified that at the time of the shooting the defendant said: "You the nigger that raped my wife" and "Why did you break in my house?" Defendant denied this.

Outside of the two legal errors specified this would be a clearcut case of weight and credibility of testimony reserved totally for the jury. But says defendant in his first allegation of error:

"Did the trial court err in refusing to adjourn the case at the request of defense counsel, and over his objection to the trial being conducted during the term of the present jury, since there had been a mistrial only four days before the beginning of defendant's subsequent trial, which resulted in a conviction?"

This objection was made at the opening of the trial.

The judge replied that counsel could pursue the

subject and establish his position if possible on voir dire. Defense counsel responded, "Fine".

He conducted his voir dire and was in no way limited by the trial court. At the conclusion the defense passed the jury for cause. It exercised no peremptory challenges. In reply to the question of satisfaction with the jury by the court, defense counsel said, "The defense is satisfied with the jury * * * ." The claimed error is not preserved and is not before us on review.

The second assignment of error specified is:

"Whether the trial court erred in admitting into evidence the weapon recovered by police on a different floor and in a different apartment from which the defendant was arrested, without benefit of a search warrant?"

As a state court we are judicially bound by United States Supreme Court precedent in Federal constitutional questions.

In the case at bar the accused was under arrest. He was offering no resistance. The involved police officers had the situation completely in hand. There was no suggestion of threat to their safety. The weapon admitted on trial was found under the cushion of a sofa in an upstairs apartment far out of reach of the defendant.

We quote the binding precedent:

"Application of sound Fourth Amendment principles to the facts of this case produces a clear result. The search here went far beyond the petitioner's person and the area from within which he might have obtained either a weapon or something that could have been used as evidence against him. There was no constitutional justification, in the absence of a search warrant, for extending the search beyond that area. The scope of the search was, therefore, 'unreasonable' under the Fourth and Fourteenth Amendments, and the petition-

er's conviction cannot stand." *Chimel v California,* 395 US 752, 768; 89 S Ct 2034, 2043; 23 L Ed 2d 685, 697 (1969).

"The Louisiana Supreme Court held that the search of the house did not violate the Fourth Amendment because it occurred 'in the immediate vicinity of the arrest' of Donald Vale and was 'substantially contemporaneous therewith * * * .' [Citation omitted.] We cannot agree. Last term in *Chimel v California* [citation omitted], we held that when the search of a dwelling is sought to be justified as incident to a lawful arrest, it must constitutionally be confined to the area within the arrestee's reach at the time of his arrest—'the area from within which he might gain possession of a weapon or destructible evidence.' But even if *Chimel* is not accorded retroactive effect—a question on which we do not now express an opinion—no precedent of this Court can sustain the constitutional validity of the search in the case before us.

"A search may be incident to an arrest ' "only if it is substantially contemporaneous with the arrest and is confined to the *immediate* vicinity of the arrest" '." (Citations omitted.) *Vale v Louisiana,* 399 US 30, 33; 90 S Ct 1969, 1971; 26 L Ed 2d 409, 412–413 (1970).

This Court dutifully followed this precedent in its recent decision in *People v Smith,* 43 Mich App 400, 407–408; 204 NW2d 308, 312–313 (1972), authored by Judge McGREGOR, in which he quotes with approval and discusses *State v Brothers,* 4 Or App 253, 256–258; 478 P2d 442, 444 (1970).

" 'Two opposing views have developed on the question of which of the Amendment's two clauses should be deemed controlling when applying the Amendment's prohibitions to searches conducted without a warrant. One school of thought, which gave the Amendment's first clause primacy, became law when the United States Supreme Court decided *United States v Rabinowitz,* 339 US 56; 70 S Ct 430; 94 L Ed 653 (1950). The court, in that case, said that the test for deciding whether a search without a warrant violated the Fourth Amendment was:

" ' " * * * [n]ot whether it is reasonable to procure a search warrant, but whether the search was reasonable. That criterion in turn depends upon the facts and circumstances—the total atmosphere of the case * * * ." 339 US at 66.

" 'In June of 1969, the Supreme Court overruled *Rabinowitz* in *Chimel v California,* 395 US 752; 89 S Ct 2034; 23 L Ed 2d 685 (1969), and restored the primacy of the Fourth Amendment's warrant clause. This court interpreted the new rule laid down in *Chimel* in *State v Keith,* 2 Or App 133; 465 P2d 724 (1970). In that case this court suggested that a policeman ask himself two questions before making a warrantless search:

" ' "(1) Do I have *probable cause* to believe that a search of the person or place in question will result in the finding of evidence of crime?

* * *

" ' "(2) Do I have *probable cause* to believe that I must immediately search without taking the time to seek and obtain a warrant: (a) in order to protect myself (or others in the immediate vicinity), or (b) in order to avoid the loss of evidence, or (c) in order to prevent the escape of the accused, or (d) for any other reason which outweighs the need for judicial surveillance over police activity which the search warrant provides?" 2 Or App 142–143; 465 P2d at 728–729.

" '*Chimel* and *Keith* establish for the police the necessity of obtaining a search warrant in all but exceptional cases. A search can no longer be justified by a finding that it was "reasonable".' "

Under the foregoing authority we find the search and the seizure of the weapon in the second floor apartment under the pillow of a davenport to have been made in violation of the defendant's Fourth Amendment rights. It was improperly admitted in evidence against him.

The conviction is reversed and the cause remanded to the trial court for such proceedings or disposition as may there ensue.

All concurred.